UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RICHARD WEDDLE, | Case No. 3:16-cv-00634-MMD-CBC |
|---|---|
| Plaintiff, | ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

This is a civil rights action filed by Plaintiff Richard Weddle, who is in the custody of the Nevada Department of Corrections ("NDOC"). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla B. Carry (ECF No. 46) relating to Defendants Isidro Baca, David Carpenter, Jason O'Dea, Pamela Feil, Robert LeGrand, Bobby Preston, and Brian Williams's motion for partial summary judgment ("Motion") (ECF No. 24). Both parties objected to the R&R (ECF Nos. 47, 48), and Defendants responded to Plaintiff's objection (ECF No. 50). The Court has reviewed each of these filings as well as the response and reply related to the Motion. (ECF Nos. 44, 45.) For the following reasons, the Court overrules the parties' objections and adopts Judge Carry's Recommendation.

**II.   BACKGROUND**

Plaintiff is an inmate in the custody of the NDOC and is currently housed at High Desert State Prison ("HDSP") in Indian Springs, Nevada. (*See* ECF No. 10 at 1.) Plaintiff's claims arise out of a disciplinary charge he received while housed at Lovelock Correctional Center ("LCC") in September 2014. (*See id.* at 6.) In general, Plaintiff alleges that Defendants violated his civil rights by fabricating the disciplinary charge and allowing the charge to proceed when Defendants knew it was false. (*See id.*) The Court

1 adopts the Magistrate Judge's discussion of additional factual background. (ECF No. 46 at 2-3.)

The Court allowed the following claims in Plaintiff's First Amended Complaint ("FAC") to proceed past screening: Count I, alleging retaliation against Defendants Feil and O'Dea; Count II, alleging a procedural due process violation against Defendant Preston; the portion of Count III alleging a procedural due process violation against Defendant Carpenter; Count IV, alleging a supervisory liability claim against Defendant LeGrand; Count V, alleging a supervisory liability claim against Defendant Baca; Count VI, alleging state law claims against Defendants Feil and Carpenter; and Count VII, alleging a due process violation against Defendant Williams. (ECF No. 11 at 13-14.)

Defendants moved for summary judgment on all claims that were allowed to proceed except for the retaliation claim in Count I.[1] (*See* ECF No. 24 at 3.) The Magistrate Judge recommended granting Defendants' Motion as to Counts II, III, IV, V, and VII, but not Count VI. (ECF No. 46 at 14-15.)

**III.    LEGAL STANDARD**

**A.    Review of the Magistrate Judge's Recommendations**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United*

---

[1]Defendants only moved for summary judgment on Count VII to the extent that Plaintiff requested money damages from Defendant Williams in his official capacity. (ECF No. 24 at 3.) The Court addresses this issue *infra* Section V(C).

*States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of the parties' objections to the Magistrate Judge's R&R, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

**B.     Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv.*

*Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.    DEFENDANTS' OBJECTION (ECF NO. 47)**

Defendants moved for summary judgment on Plaintiff's state law claims in Count VI (negligence and gross negligence) based on sovereign immunity. (ECF No. 24 at 25.) Specifically, Defendants argue that Plaintiff failed to properly invoke Nevada's waiver of sovereign immunity for tort actions under NRS §§ 41.0337 and 41.031. (*Id.*) The first statute—NRS § 41.0337—prohibits a plaintiff from bringing "tort actions arising out of an act or omission within the scope of a person's public duties or employment" against state employees unless the State of Nevada is named as a party defendant under the second statute—NRS § 41.031. *See* NRS §§ 41.0337(1)-(2); 41.031(2). Based on these statutes, Defendants argue that Plaintiff was required to name the State of Nevada as a relator to Defendants Feil and Carpenter (e.g., "State of Nevada ex rel. Feil") in order to invoke Nevada's waiver of sovereign immunity.

4

1 Judge Carry rejected Defendants' argument and recommended denying summary judgment as to Count VI based on her finding that Plaintiff sued Defendants Feil and Carpenter in their individual—not official—capacities. (ECF No. 46 at 12-14.) Defendants object to Judge Carry's determination, essentially arguing that NRS §§ 41.031 and 41.0337 apply regardless of whether Defendants Feil and Carpenter are sued in their official or individual capacities. (*See* ECF No. 47 at 3-8.)

Defendants have not shown that NRS § 41.0337 applies to Plaintiff's state law claims. While Plaintiff named state employees as defendants, Defendants have not argued or shown that Plaintiff's state law claims "aris[e] out of an act or omission within the scope" of Defendants Feil and Carpenter's "public duties or employment." (*See* ECF No. 24 at 25-26; ECF No. 45 at 8-9.) Given that Defendants have not carried their burden of showing that NRS § 41.0337 applies as a matter of law, the Court overrules Defendants' objection.

**V.     PLAINTIFF'S OBJECTION (ECF NO. 48)**

**A.     Counts II and III**

Plaintiff opposes summary judgment on his due process claims in Counts II and III, alleging that Defendants did not challenge or refute Plaintiff's allegations supporting these claims. (ECF No. 48 at 9-11.) Defendants argue that Plaintiff failed to produce any evidence to support his allegations. (ECF No. 50 at 2-3.)

The Court agrees with Defendants. Plaintiff's procedural due process claims depend on a showing that his confinement to administrative segregation resulting from his disciplinary charge "impose[d] [an] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Defendants produced evidence that the conditions of Plaintiff's segregation were not atypical and significant. (*See* ECF No. 46 at 9 (citing ECF Nos. 24-9, 24-10, 24-11, 24-12, 24-13).) Plaintiff did not produce any evidence to the contrary. Plaintiff's evidence consisted of: (1) a disciplinary appeal; (2) a kite requesting video tape of the original incident; (3) a declaration that makes no assertions and merely incorporates by

1 reference documents that were previously filed; and (4) a notice of related cases. (*See* ECF No. 44 at 19-46.) None of these exhibits show that the conditions of Plaintiff's administrative segregation were atypical and significant. Accordingly, the Court overrules Plaintiff's objection to Judge Carry's Recommendation as to Counts II and III.

### B. Counts IV and V

Plaintiff's second objection relates to his claims for supervisory liability[2] in Counts IV and V. Plaintiff argues that he presented evidence that Defendants LeGrand and Baca acquiesced in the constitutional deprivation forming the basis of this action by failing to overturn his disciplinary sanction. (*See* ECF No. 48 at 14-15.) Defendants argue that Plaintiff failed to introduce evidence showing he was deprived of a constitutional right—a prerequisite to success on his supervisory liability claims. (ECF No. 50 at 3-4.)

The Court agrees with Defendants. As the Magistrate Judge noted, "Weddle bases his claims of supervisory liability against LeGrand and Baca on their separate reviews of his disciplinary hearings, and the fact that each determined that Weddle's constitutional rights were not violated therein." (ECF No. 46 at 12.) Given that there was no constitutional deprivation—Plaintiff's confinement to administrative segregation was not atypical and significant—Defendants LeGrand and Baca cannot be liable under § 1983. Accordingly, the Court overrules Plaintiff's objection to Judge Carry's Recommendation as to Counts IV and V.

### C. Count VII

In Count VII, Plaintiff seeks expungement of his disciplinary records and names Warden Brian Williams in his official capacity. (ECF No. 10 at 31.) In his prayer for relief, Plaintiff nevertheless requests nominal and punitive damages against each Defendant. (*Id.* at 33.) Defendants moved for summary judgment on Count VII to the extent that the

---

[2]The Court only uses the phrase "supervisory liability" as shorthand for the personal liability of individuals who happen to be supervisors. "In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

6

FAC might be construed as seeking monetary damages against Defendant Williams. (ECF No. 24 at 26-27.) Judge Carry recommended granting Defendants' Motion in this regard. (ECF No. 46 at 14.) Plaintiff objects that the portion of Count VII seeking injunctive relief should proceed, and Plaintiff clarifies that he does not seek monetary damages against Defendant Williams. (ECF No. 48 at 18-19.) It seems that the parties and the Magistrate Judge share an understanding that Count VII should proceed to the extent that it seeks injunctive relief and not monetary damages. Accordingly, the Court overrules Plaintiff's objection to Judge Carry's Recommendation as to Count VII.

Given that the Court overrules both parties' objections, the Court adopts Judge Carry's Recommendation in its entirety.

## VI. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 46) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 24) is granted. The Court grants summary judgment in favor of Defendants as to Counts II, III, IV, V, and the portion of Count VII that might be construed as seeking monetary damages against Defendant Williams. Counts I and VI as well as the portion of Count VII seeking injunctive relief against Defendant Williams will proceed.

DATED THIS 1st day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE