UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD WEDDLE,<br><br>         Plaintiff,<br><br>   v.<br><br>ISIDRO BACA, *et al.*,<br><br>         Defendants. | 3:16-cv-00634-MMD-CBC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Richard Weddle ("Weddle") against Defendants Pamela Feil, Jason O'Dea, and David Carpenter[2] (collectively referred to as "Defendants"). Currently pending before the court is Defendants' motion for summary judgment. (ECF No. 82.) Despite being given numerous opportunities to file an opposition, Weddle did not oppose the motion. (*See* ECF Nos. 89, 93.) Having thoroughly reviewed the record and papers, the court recommends Defendants' motion for summary judgment (ECF No. 82) be granted.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Weddle is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the High Desert State Prison ("HDSP"). (ECF No. 10.) However, the events giving rise to this case took place at the Lovelock Correctional Center ("LCC"). (*Id.*)

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]     Plaintiff also named Isidro Baca, Robert LeGrand, Bobby Preston, and Brian Williams as defendants in this action. (ECF No. 10.) However, those defendants were dismissed by the court after it granted, in part, Defendants' partial motion for summary judgment. (*See* ECF Nos. 24, 46, 51.)

Pursuant to 28 U.S.C. § 1915A(a), the District Court screened Weddle's amended complaint on September 26, 2017. (ECF No. 11.) In his amended complaint, Weddle asserted eight claims for relief against Defendants. (ECF No. 10 at 4-32.) Weddle sought injunctive and monetary relief. (*Id.* at 33.)

Each of Weddle's claims arise out of the issuance of a disciplinary charge against him in September 2014 by the LCC law librarian, and the events that followed. (ECF No. 10). Generally, Weddle alleges his civil rights were violated because the disciplinary charge was false and fabricated and various LCC staff (who are named defendants) knew the charge was false. In spite of this, the disciplinary charge was allowed to proceed and various LCC staff failed to take actions that would have resulted in the charge being dismissed. (*See id.*)

Specifically, Weddle claims that on September 5, 2014, he was in the law library at LCC and he initiated a grievance pursuant to the prison policies. (*Id.* at 7.) Defendant Feil, the law librarian at LCC, retaliated against him for initiating this grievance by filing a false disciplinary charge against him for a Major Violation 25 ("MJ 25"), for threatening staff. (*Id.* at 7-8, 10.) After the disciplinary charge was issued, Weddle was ultimately taken to administrative segregation by Defendant O'Dea, who is a corrections officer at LCC. (*Id.* at 9). Although O'Dea allegedly knew the disciplinary charge was false and fabricated, he still placed him in administrative segregation. (*Id.*)

A preliminary disciplinary hearing was held on the MJ 25 violation on September 10, 2014. (*Id.* at 13.) This hearing was conducted by Defendant Preston, the Preliminary Disciplinary Hearing officer, who failed to review videotape from the alleged incident and refused to allow Weddle to call any witnesses. If the videotape or witnesses had been presented, Weddle claims it would have verified that he did not threaten Feil and thus the disciplinary charge was false. (*Id.*) However, his case proceeded to a disciplinary hearing.

The disciplinary hearing was held on October 5 and 6, 2014. This hearing was conducted by the Disciplinary Hearing Officer, Defendant Carpenter, who also failed to

review the videotape or allow witnesses to be presented. (*Id.* at 14-15.) Ultimately, Carpenter found Weddle guilty of a reduced charge – a General Violation 9 ("GV 9"), for use of abusive language. (*Id.* at 17-18.) Based on this finding, Defendant Carpenter sanctioned Weddle to fifteen days in disciplinary segregation.

Following these proceedings, Weddle filed an administrative appeal to the warden at LCC. (*Id.* at 24.) In the appeal, Weddle argued Defendant Carpenter failed to follow the proper prison policies in conducting the hearing by failing to review the videotape or allow him to present witnesses. (*Id.* at 28.) After reviewing the appeal, Defendant LeGrand upheld the Defendant Carpenter's decision and the sanction against Weddle.

Weddle then sought a second level appeal of Defendant LeGrand's decision to NNCC Warden, Defendant Baca, who agreed with LeGrand. (*Id.* at 28-29.) Ultimately, Weddle sought to have this disciplinary conviction expunged from his record by Defendant Williams, the Warden at HDSP, who refused to do so. (*Id.* at 31, 33).

Based on these facts, Weddle alleged a First Amendment retaliation claim against Defendants Feil and O'Dea in Count I.  In Counts II and III, he alleged violations of his Fourteenth Amendment right to due process against Defendants Preston and Carpenter. In Counts IV and V, Weddle alleged that LeGrand and Baca, respectively, are liable under theories of supervisory liability for the due process violations asserted against their employees. In Count VI, Weddle alleged a state law negligence claim against Feil, Carpenter and O'Dea. Finally, in Count VII, Weddle alleged that Williams, a warden at HSDP, in his official capacity only, failed to expunge Weddle's record of the disciplinary conviction in violation of his due process rights.

On April 24, 2018, Defendants filed a partial motion for summary judgment.  (ECF No. 24.) This court issued a Report and Recommendation, which the District Court adopted and accepted, granting, in part, and denying, in part the motion for summary judgment.  (ECF Nos. 46, 51.)  Summary judgment was granted in favor of Defendants as to Counts II, III, IV, V, and the portion of Count VII that might be construed as seeking monetary damages against Defendant Williams.  (*See id.*)  The Count I retaliation claim

and the Count VI negligence claim, as well as the portion of Count VII seeking injunctive relief against Defendant Williams, were allowed to proceed.  (*Id.*)

### A. Defendants' Motion for Summary Judgment

On December 18, 2019, Defendants filed a motion for summary judgment seeking dismissal of the remaining counts.  (ECF No. 82.) Specifically, Defendants argue: (1) the Count I retaliation claim fails as a matter of law because Weddle cannot establish that Feil or O'Dea did anything in retaliation to a grievance that did not exist at the time the Notice of Charges was submitted; (2) the Count VI negligence claim fails because there is no genuine issue of material fact regarding the disciplinary charges related to Weddle's conduct; (3) Defendants are entitled to qualified immunity; and (4) Weddle's request for injunctive relief in Count VII should be denied because Weddle cannot prevail in his underlying case. (ECF No. 82.)  Weddle did not file an opposition to the motion for summary judgment, despite being granted extensions to do so.  (ECF Nos. 89, 93.)  The recommended disposition follows.

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" only where a reasonable jury could find for the nonmoving party.  *Id.*  Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th

Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary

judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**III.   DISCUSSION**

    **A.   Civil Rights Claims under 42 U.S.C. § 1983**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

    **B.   Count I – First Amendment Retaliation**

Weddle alleges that on September 5, 2014, Defendant Feil filed false disciplinary charges against him in retaliation for initiating an informal grievance and Defendant O'Dea knew the charges were fabricated, but still took Weddle to the disciplinary segregation unit. (ECF No. 10 at 7-12.)

It is well established in the Ninth Circuit that prisoners may seek redress for retaliatory conduct by prison officials under § 1983. *Rhodes v. Robinson*, 408 F.3d 559,

1  567 (9th Cir. 2004); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "Prisoners have a First Amendment right to file grievances against prison officials and be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). A retaliation claim has five elements: (1) a state actor took some adverse action against the inmate, (2) because of, (3) the inmate's protected First Amendment conduct, and that the action, (4) chilled the inmate's exercise of his First Amendment rights, and (5) did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567–68.

To prevail against Defendants' motion for summary judgment, Weddle must demonstrate a triable issue of material fact on each element of his retaliation claim. *Brodheim*, 584 F.3d at 1269 n.3. In support of summary judgment, Defendants argue that Weddle cannot carry his burden with respect to elements two and three. (ECF No. 82 at 5-8.)

### 1. Retaliatory Motive

To satisfy the causation element of a retaliation claim, a plaintiff must show that his First Amendment activity was "the substantial or motivating factor behind the defendant's conduct." *Brodheim*, 584 F.3d at 1271 (internal quotation marks omitted). The evidence establishing such a motive is often circumstantial, *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995), but "mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Defendants contend that there is no causal connection between the alleged retaliatory acts and the filing of an informal grievance because there is no evidence of any grievance being filed either prior to or on September 5, 2014. (ECF Nos. 82 at 5-6; 82-1.) A review of Weddle's grievance history shows Weddle did not initiate the grievance process by filing an informal grievance until September 7, 2014, two days after the alleged retaliatory incident. (*Id.*; *see also* ECF No. 82-6.) Defendants argue that Weddle has presented no evidence that would establish any First Amendment activity at the time of the alleged incident and thus he has not presented any evidence of retaliatory intent, and Weddle's mere speculation that there is a causal connection is not

enough to raise a genuine issue of material fact.  (*Id.*; citing *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996)).

Because Weddle did not file an opposition to the motion for summary judgment, he has not presented any evidence to the court showing that he engaged in any First Amendment activity prior to the filing of the Notice of Charges or that his First Amendment activity was the substantial or motivating factor behind Defendants' actions, and, therefore, he has not carried his burden of demonstrating a genuine issue for trial. As no reasonable jury could conclude that the alleged retaliatory acts occurred *because of* the filing of an informal grievance two days after the alleged incident, Defendants are entitled to summary judgment.

### C.    Count VI – Negligence Claim

Weddle's Count VI negligence claim relates to the alleged fabricated charge detailed in Counts I-V.  (ECF No. 10 at 30-31.)

To state a negligence claim, a plaintiff must establish: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex. Rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276, 1280 (Nev. 2009) (en banc).  Whether a duty exists is a question of law for the court to decide. *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 127 Nev. 287, 295, 255 P.3d 238, 244 (Nev. 2011).

Defendants argue that Weddle's negligence claim fails because there is no genuine issue of material fact regarding the validity of the disciplinary charges related to Weddle's conduct, and Weddle does not plausibly allege any facts that establish a breach of any duty by either Defendant.  (ECF No. 82 at 8.)

There is no evidence to support Weddle's assertion that the disciplinary charges were fabricated.  A review of the disciplinary hearing summary shows the notice of charges was supported by evidence, including the victim's statement and video of the incident.  (ECF No. 82-8.)  Weddle presents no evidence to the contrary.  Importantly, Weddle does not identify the specific duty that was owed to him by Defendants and

does not present any evidence that Defendants breached any duty. Accordingly, because there is no evidence to support Weddle's allegation that the disciplinary charge was fabricated and the negligence claim fails as a matter of law, the court recommends that Defendants' motion for summary judgment be granted.[3]

### D.      Count VII – Injunctive Relief

Weddle's remaining claim relates to injunctive relief sought against Defendant Williams for his alleged failure to expunge Weddle's record of the disciplinary conviction in violation of his due process rights. (ECF No. 10 at 31, 33.) Injunctive relief may be awarded only on a clear showing that the plaintiff is entitled to relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). Because the court recommends granting summary judgment as to the remaining claims in Weddle's complaint, and also finds that no evidence exists to support Weddle's claim that the disciplinary charge was fabricated, Weddle's request for injunctive relief in Count VII should be denied.

## IV.     CONCLUSION

Based upon the foregoing, the court recommends that Defendants' motion for summary judgment (ECF No. 82) be granted. The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

---

[3] Because the court recommends that Defendants' motion for summary judgment be granted in its entirety based on a finding of no constitutional violations, it need not address Defendants' qualified immunity argument.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 82) be **GRANTED**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: May 29, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**