UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RICHARD WEDDLE, | Case No. 3:16-cv-00634-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Defendants. | |

    This is a civil rights action filed by Plaintiff Richard Weddle, who is in custody of the Nevada Department of Corrections ("NDOC"). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 94), recommending that the Court grant Defendant's motion for summary judgment (ECF No. 82) and dismiss the remaining claims in this action. Plaintiff had until June 12, 2020 to file an objection. To date, no objection has been filed. For that reason, and because the Court agrees with Judge Baldwin, the Court will adopt the R&R.

    The Court adopts the facts outlined in the R&R (ECF No. 94 at 2-4) and does not outline them here. Only Plaintiff's claims for retaliation (Count I), negligence (Count VI), and injunctive relief (Count VII) remained after this Court granted partial summary judgment in favor of Defendants. (*Id.* at 3; *see also* ECF No. 51.)

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only if*, one or both

1 parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory
2 Committee Notes (1983) (providing that the court "need only satisfy itself that there is no
3 clear error on the face of the record in order to accept the recommendation").

4 While Plaintiff has not objected, the Court nevertheless conducts *de novo* review to
5 determine whether to adopt Magistrate Judge Baldwin's R&R. Judge Baldwin properly
6 found that Plaintiff fails to state a First Amendment retaliation claim because there is no
7 causal connection between Plaintiff's earliest grievance—filed on September 5, 2014—
8 and the alleged retaliatory incident that occurred on September 9, 2014. (ECF No. 94 at
9 7.) *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (retaliation claim requires
10 that a state actor took some adverse action against an inmate because of an inmate's
11 protected First Amendment conduct). Judge Baldwin correctly found that Plaintiff's
12 disciplinary charges is supported by evidence, and Plaintiff has not shown that Defendants
13 owed him a duty or breached any duty. (ECF No. 94 at 8-9.) *See Sanchez ex. Rel.*
14 *Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824 (Nev. 2009) (requiring that plaintiff
15 establish the existence of a duty of care and breach of that duty to establish a negligence
16 claim). Because there is evidence supporting Plaintiff's disciplinary charges, Judge
17 Baldwin correctly found that he is not entitled to injunctive relief for Defendant Williams'
18 purported failure to expunge Plaintiff's disciplinary records. (ECF No. 94 at 9.) *Winter v.*
19 *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (Injunctive relief may be
20 awarded only on a clear showing that the plaintiff is entitled to relief).  Having reviewed
21 the records, the Court agrees with Judge Baldwin and will adopt the R&R.

22 It is therefore ordered that the Report and Recommendation of Magistrate Judge
23 Carla L. Baldwin (ECF No. 94) is accepted and adopted in full.

24 It is further ordered that Defendants' motion for summary (ECF No. 82) is granted.
25 ///
26 ///
27 ///
28

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 18th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE